cc'd & P+R

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY BARNETT, | ) | CIV. NO. 00-00456 DAE-FIY |
| | ) | |
| Petitioner, | ) | |
| | ) | FILED IN THE |
| vs. | ) | UNITED STATES DISTRICT COURT |
| | ) | DISTRICT OF HAWAII |
| PABLO SEDILLO, WARNER AND CONTRACT AGENT FOR TED SAKAI, DIRECTOR OF PUBLIC SAFETY, STATE OF HAWAII, | ) ) ) ) | SEP 1 1 2000 |
| | ) | at 10 o'clock and ___ min. ___M. |
| Respondents. | ) | WALTER A.Y.H. CHINN, CLERK |

2604

FINDINGS AND RECOMMENDATION TO
DISMISS PETITION AND ACTION

OVERVIEW

On July 3, 2000, Petitioner Gregory Barnett ("Petitioner"), proceeding pro se, brought a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent State of Hawaii, through its attorney Lisa M. Itomura, Deputy Attorney General, filed an answer on September 5, 2000. Respondent Pablo Sedillo ("Sedillo"), through his attorney, Benjamin M. Acob, First Deputy Prosecuting Attorney for the County of Maui, filed

13

an answer on September 6, 2000.[1]  For the following reasons, it is FOUND AND RECOMMENDED that the petition and action be DISMISSED without prejudice.

BACKGROUND

Petitioner seeks to challenge his guilty plea to six counts of Sexual Assault in the First Degree (class A felonies), two counts of Attempted Sexual Assault in the First Degree (class A felonies), two counts of Promoting Child Abuse in the First Degree (class A felonies), four counts of Sexual Assault in the Third Degree (class C felonies), and two counts of Promoting Pornography for Minors (class C felonies), which was entered in the Second Circuit Court of the State of Hawaii ("trial court"). (See Sedillo's Ans. at Ex. F.)  On November 30, 1994, Petitioner was sentenced to concurrent extended life terms, with the possibility of parole, for the ten (10) class A felonies, and five (5) years incarceration for the six (6) class C felonies. (See Sedillo's Ans. at Ex. H.)

On January 3, 1996, Petitioner filed a Rule 40 petition for post-conviction relief under the Hawaii Rules of Penal Procedure. (See Sedillo's Ans. at Ex. J.)  On June 23, 1999, the Hawaii Supreme Court reversed the Hawaii Intermediate Court of Appeals and affirmed the trial court's order denying the Rule 40

---

[1] Answers were due on September 5, 2000. (See July 19, 2000 Preliminary Or. Show Cause.)  Sedillo's answer is dated September 1, 2000, and was served on Petitioner by mail on September 1, 2000.  Because it appears that the delay in filing was due to the intervening federal holiday, September 4, 2000, on which there was no mail delivery, the Court finds Sedillo's answer timely.

2

petition.  Barnett v. State of Hawaii, 979 P.2d 1046 (Haw. 1999); (See also Sedillo's Ans. at Ex. M).

Petitioner filed a second Rule 40 petition on December 30, 1997.  (See Sedillo's Ans. at Ex. N.)  The trial court denied the petition and the Hawaii Intermediate Court of Appeals affirmed the trial court.  (See Sedillo's Ans. at Exs. O and P.)  The Hawaii Supreme Court granted Petitioner's application for Writ of Certiorari on January 13, 2000. (See Sedillo's Ans. at Ex. Q.)  The second Rule 40 petition remains pending in the Hawaii Supreme Court.

Petitioner filed a Rule 35 motion for correction or reduction of sentence under the Hawaii Rules of Penal Procedure on August 2, 1999.  (See Sedillo's Ans. at Ex. R.)  A written order denying the motion was issued by the trial court on September 7, 1999.  (See Sedillo's Ans. at Ex. S.)  Petitioner filed a Notice of Appeal on September 27, 1999.  (See Sedillo's Ans. at Ex. T.)  The Rule 35 motion remains pending in the Hawaii appellate courts.

In the present petition, Petitioner raises four very vague grounds for relief: (1) "illegal plea agreement"; (2) "illegal sentences"; (3) "illegal minimum term parole statutes and result"; and (4) "ineffective assistance of counsel."  Two of the grounds are pending in the Hawaii appellate courts. Petitioner's second ground is on appeal in the Rule 35 motion, and his third ground is on appeal in the second Rule 40 petition.

Petitioner remains incarcerated at Florence Correctional Center in Florence, Arizona.

DISCUSSION

I. Standard of Review

Rule 4 of the Rules Governing § 2254 Cases allows the district court to summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court[.]" Advisory Committee Note to Rule 4, 28 U.S.C. foll. § 2254; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

II. Exhaustion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in the state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Horowitz v. Wainwright, 709 F.2d 1403 (11th Cir. 1983) (claim not exhausted if on appeal in state post-conviction proceeding). If an appeal (or collateral challenge) to a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of his appeal or petition before his state remedies will be considered to have been exhausted, even where the issue to be challenged in the writ of

habeas corpus has been finally settled in the state courts. Sherwood, 716 F.2d at 634. Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. Id. Until Petitioner's pending state post-conviction proceedings are concluded, a habeas petition in this Court is premature. Accordingly, it is FOUND AND RECOMMENDED that the petition and action be DISMISSED without prejudice to Petitioner filing a new petition after all of his state court post-conviction proceedings have concluded.[2]

## CONCLUSION

Accordingly, it is FOUND AND RECOMMENDED that the instant petition and action be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, SEP 11 2000.

UNITED STATES MAGISTRATE JUDGE
Francis I. Yamashita

BARNETT v. SEDILLO, Civ. No. 00-00456 DAE-FIY; FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND ACTION; JHC\habeas00\BARNETT (exhaust)

---

[2] Petitioner should be mindful of the time limit imposed by 28 U.S.C. § 2244(d)(1). See also Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 2000 WL 507534 (May 1, 2000).

5