ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 8 2000

at ____ o'clock and ____ min ____ M.
WALTER A. Y. H. CHINN, CLERK

GREGORY BARNETT
No. A4000428-FH203
P. O. Box 2667
Florence, AZ  85232-2667

Petitioner Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GREGORY BARNETT, | CIV. NO. 00-00456 DAE-FIY |
| Petitioner, | PETITIONER'S SUPPLEMENT TO THE PETITION ON THE ISSUE OF EXHAUSTION; DECLARATION OF GREGORY BARNETT; EXHIBIT 1; CERTIFICATE OF SERVICE |
| vs. | |
| PABLO SEDILLO, et al., | |
| Respondent. | |

PETITIONER'S SUPPLEMENT TO THE PETITION ON THE ISSUE OF EXHAUSTION

The instant supplement to the petition on the issue of exhaustion is brought pursuant to this Court's Preliminary Order to Show Cause, filed July 19, 2000. The Order requires each party to address the issue of exhaustion. Id. at 2.

As for the facts and background, Petitioner Gregory Barnett, filed a Section 2254 petition on July 3, 2000, along with a motion pertaining to his legal materials. The motion pertaining to legal materials is referenced in the petition wherever Petitioner was unable to recall the exact information required on the standard form. Among other things, Petitioner was unable to provide all the grounds and supporting facts in his petition because he did not "have 'access to the trial record and the appellate briefs . . . ' to properly prepare a federal habeas petition." See Declaration of Gregory Barnett, ¶ 3, quoting Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).

Nevertheless, on July 25, 2000, Petitioner was provided access to his records and files for the first time since arriving to the Arizona prison on May 12, 2000. Barnett Declaration, ¶ 4. Thereafter, Petitioner was able to identify precisely all federal grounds raised in state court. Id. at ¶ 5. Altogether Petitioner raised twelve (12) grounds (A thru L), in state court. Id. However, on the issue of exhaustion, Grounds J, K, and L, are still pending in two separate appeals now lodged in the Hawai'i Supreme Court under Nos. 21674 and 22850. Id. ¶ 6. See also, Petition, ¶ 14, page 6.

Based on the foregoing facts, Petitioner believes that he has not fully exhausted his claims in state court. For that reason Petitioner is requesting this Court to dismiss the instant petition "without prejudice for the exhaustion of state court remedies currently pending in Hawai'i Supreme Court Nos. 21674 and 22850, with the understanding that the current state court cases serve to to toll the time to file a fully exhausted petition in the federal court under the AEDPA." Barnett Declaration, ¶ 11, citing **In re Turner, 101 F.3d 1323 (9th Cir. 1996)** (habeas petitions filed subsequent to dismissal of a prior petition without prejudice are not considered second or successive petitions under the AEDPA).

With regard to the AEDPA, it is important to point out that, when Petitioner filed his petition he did so with genuine concern that the one year statute of limitations to file a federal petition was nearly expired with regard to Grounds A thru I. Barnett Declaration, ¶ 7. This is a valid concern given that failure to file a timely federal habeas petition may result in a dismissal as time-barred under 28 U.S.C. § 2244(d)(1)(A), as was the case in **Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1275 (D. Hawai'i 1999)**. Petition did not wish to suffer the same fate as Mr. Eisermann.

Additionally, Petitioner was concerned whether the one year statute of limitations would be tolled with regard to Grounds J, K, and L, which are still pending in the Hawai'i Supreme Court. Barnett Declaration, ¶ 7. Petitioner identified the pending cases in the petition. See Petition, ¶ 11, page 4. The question at the time of filing the instant petition was whether unexhausted claims (now pending in state court), would toll the one year statute of limitations. Petitioner's concern is that the unexhausted claims were originally filed in state court as second and third post-conviction applications. Barnett Declaration, ¶ 7. As a result, those claims (Grounds J, K, and L) may not be considered "properly filed" by the state court which would then open the door for the Respondent to argue that, for the purpose of AEDPA, the time was not tolled while pursing those claims. Id. This result would be devastating to Petitioner.

Importantly, however, the Ninth Circuit in **Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999),** made clear that the AEDPA statute of limitations is tolled for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. Id. at 106. It is Petitioner's position that the time should be tolled while his Hawai'i Supreme Court cases are being decided. The time should be tolled even if the Hawai'i state courts determine that Petitioner had not been properly pursuing his state post-conviction remedies, such as filing successive petitions. **See Nino, 183 F.3d at 1006 n.4**, expressing no opinion with regard to what the state court may determine. **Cf. Lovasz v. Vaughn, 134 F.3d 146 (3rd Cir. 1998),** which held that, "in considering whether a petition for post-conviction relief is properly filed, district courts should not inquire into its merits." Id. at 149.

- 3 -

In light of this Court's strict application of the AEDPA and its tolling provision, Section 2244(d)(2), Petitioner's concern whether his two state court appeals qualify as "properly filed," is not unwarranted. No Ninth Circuit or Supreme Court case has spoken directly on the facts as they relate to the instant petition, as far as Petitioner is aware. Barnett Declaration, ¶ 8. This appears to be yet unchartered territory in the realm of the AEDPA as far as the Ninth Circuit is concerned. For that matter, Petitioner urges this Court to adopt the rationale in **Lovasz v. Vaughn** (supra).

Finally, Petitioner points out that, in an effort to save judicial resources, on August 3, 2000, he made an offer to the Maui Prosecutor to stipulate to dismissal without prejudice in lieu of filing a preliminary answer to the petition. Barnett Declaration, ¶ 12. The Maui Prosecutor has not responded to Petitioner's offer.

## Conclusion

Petitioner is not exhausted with regard to his federal claims now pending on appeal in the Hawai'i Supreme Court. Those claims include an ex post facto violation (Ground J), a separation of powers violation (Ground K) and procedural rights at sentencing protected by the due process clause (Ground L). See Barnett Declaration, ¶¶ 5, 6. These claims correspond with what was alluded to in the petition as "Illegal Sentences" and "Illegal Minimum Term Parole Statutes And Result." See Petition, ¶ 12.B and C. Incidentally, the specific facts required under the especially high burden now placed on habeas petitioners via the AEDPA, were not available to Petitioner when he filed the instant petition. Petitioner's prayer for relief therefore includes the opportunity to amend the petition, which would include the required factual allegations and exhibits. Petition, page 7.

Petitioner identified in his declaration each of the federal grounds raised in state court. Barnett Declaration, ¶ 5. A thru L.

Accordingly, Petitioner now seeks a dismissal without prejudice for the completion of the two state court appeals. Petitioner does not however, want to risk being time-barred in the future (under the AEDPA) in the event the state court rules that Petitioner's two appeals were not in compliance with the procedural laws of the state. [1]/ Whether this Court can give assurance that Petitioner will not be time-barred is beyond Petitioner's knowledge of the law. For that matter, an appropriate solution in this case may be found in **Calderon v. United States Dist. Ct. ("Taylor"), 134 F.3d 981 (9th Cir. 1998).** In that case the district court allowed the petitioner to amend his original petition to delete the unexhausted claims and would hold in abeyance the amended petition while the petitioner exhausted the deleted claims in state court. The district court also invited the petitioner to file a second amended petition incorporating the newly exhausted claims after litigating them in the state courts. **Id. 134 F.3d at 983.** The Ninth Circuit Court of Appeals allowed the district Court's order to stand. **Id. at 989.**

---

1. Important to the facts in this case is that one of the pending appeals now in state court involve HRPP Rule 35 to correct an illegal sentence which is available "at any time." **State v. Fry, 61 Haw. 226 (1979).** Thus, it is unlikely that any error in state procedural laws will be an issue with regard to that claim now lodged in HSC No. 22850. The other appeal in HSC No. 21674 involves HRPP Rule 40. That rule allows a second petition upon proof of "extraordinary circumstances to justify petitioner's failure to raise the issue [in a prior proceeding]." HRPP Rule 40(a)(3). The "extraordinary circumstances" why a second petition should be justified involves the circuit court judge's refusal to file Petitioner's request to amend the first petition. Thereafter, the judge denied the first petition without having filed Petitioner's documents for about 3½ weeks. Petitioner then filed his second Rule 40 petition containing the claims which he would have alleged in an amended petition. The judge's refusal to file Petitioner's request in now on appeal.

In sum, Petitioner requests a dismissal <u>without prejudice</u>, with the understanding that the current state court cases serve to toll the time to file a fully exhausted petition in the federal court. Given the circumstances here, equitable tolling, i.e., the assurance thereof, should be applied in the event the state court finds that Petitioner's two appeals were not in compliance with the procedural laws. <u>See</u>, supra footnote 1. An alternative solution may be found in the "withdrawal-and-abeyance" procedure adopted in **Taylor**.

DATED:    Florence, Arizona    September  1 , 2000.

Respectfully submitted,

*/s/ Gregory Barnett*
GREGORY BARNETT
Petitioner Pro Se

GREGORY BARNETT
No. A4000428-FH203
P. O. Box 2667
Florence, AZ 85232-2667

Petitioner Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GREGORY BARNETT,            ) | CIV. NO.  00-00456 DAE-FIY |
| )  | |
| Petitioner,     ) | DECLARATION OF GREGORY BARNETT |
| )  | |
| vs.                    ) | |
| )  | |
| PABLO SEDILLO, et al.,      ) | |
| )  | |
| Respondent.      ) | |
| )  | |

DECLARATION OF GREGORY BARNETT

I, Gregory Barnett, D E C L A R E  pursuant to 28 U.S.C. § 1746, that:

1. I am the petitioner in this habeas corpus proceeding and make this declaration based upon personal knowledge in support of my supplement to the § 2254 petition on the issue of exhaustion.

2. The petition was filed July 3, 2000, and was prepared by me without having access to any of the records and files from my multiple state trial court and post-conviction proceedings (five (5) total).

3. With all due respect to this Court's Order filed July 19, 2000, regarding my motion for legal files, I was not so "familiar with the facts" of my five state court proceedings to properly prepare a federal habeas petition under the especially high burden of proof placed upon petitioners under the ADEPA. In other words, at the time I prepared my petition I did not have "access to the trial record and the appellate briefs . . . ," to properly prepare a federal habeas petition. **Pennsylvania v. Finley**, 481 U.S.

551, 557 (1987).

    4.    However, on July 25, 2000, I was provided access to my records and files for the first time since arriving to the prison in Arizona on May 12, 2000.

    5.    Upon review of my files (related to my conviction and sentence) I am able to identify precisely all federal grounds raised in state court. The grounds are as follows:

    A.    GUILTY PLEAS WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, VOLUNTARY, AND/OR WITH A FULL UNDERSTANDING OF THE CONSEQUENCES OF THE PLEAS.

    B.    TERMS OF THE PLEA AGREEMENT ARE AMBIGUOUS, ILLEGAL AND/OR DO NOT CONFORM TO STATUTE.

    C.    SENTENCES WERE IMPOSED ILLEGALLY IN VIOLATION OF STATUTE AND PETITIONER'S STATE AND FEDERAL RIGHTS TO DUE PROCESS OF LAW.

    D.    PROSECUTORIAL MISCONDUCT AT MINIMUM TERM HEARING WAS IN VIOLATION OF STATE AND FEDERAL RIGHTS TO DUE PROCESS OF LAW.

    E.    HAWAI'I PAROLING AUTHORITY MISCONDUCT AT MINIMUM HEARING WAS IN VIOLATION OF STATE AND FEDERAL RIGHTS TO DUE PROCESS OF LAW.

    F.    HAWAI'I PAROLING AUTHORITY'S DETERMINATION OF MINIMUM TERM PORTION OF COURT IMPOSED SENTENCES WAS IN VIOLATION OF DEFENDANT'S SUBSTANTIAL RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW, WAS PLAIN ERROR AND RENDERS PETITIONER's CUSTODY ILLEGAL.

    G.    COURT IMPOSED SENTENCES OF TEN LIFE TERMS AND PAROLING AUTHORITY'S DETERMINATION OF 25 YEARS ON EACH LIFE TERM VIOLATES THE EIGHTH AMENDMENT.

    H.    GUILTY PLEAS WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, VOLUNTARY, AND/OR WITH A FULL UNDERSTANDING OF THE CONSEQUENCES OF THE PLEA AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

    I.    INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING AND MINIMUM TERM HEARING.

    J.    FEDERAL <u>EX POST FACTO</u> VIOLATION AT THE MINIMUM TERM HEARING BY USE AND APPLICATION OF HRS § 706-669(7)(1996), BECAUSE THE LAW IS RETROSPECTIVE, IT APPLIES TO EVENTS OCCURRING BEFORE ITS ENACTMENT, AND ACTS AS A DISADVANTAGE TO PETITIONER BY ALTERING SUBSTANTIAL RIGHTS UNDER PRIOR LAW.

  K. FEDERAL SEPARATION OF POWERS-VIOLATION AT THE MINIMUM TERM HEARING BY USE AND APPLICATION OF HRS § 706-669(7) (1996), BECAUSE THE LAW IS A RESULT OF COMMINGLING OF DEFFERENT POWERS OF GOVERNMENT INCLUDING THE PAROLING AUTHORITY, AND COUNTY PROSECUTORS WHO HAVE CONTROLLED OR SUBJECTED, EITHER DIRECTLY OR INDIRECTLY, THE HAWAI'I LEGISLATURE TO COERCIVE INFLUENCE BY PROVIDING PLAIN, CLEAR, MANIFEST AND UNMISTAKABLE ERRONEOUS INTERPRETATION OF LAW AND INFORMATION REGARDING MINIMUM TERM PAROLE HEARINGS.

  L. STATE LAWS GUARANTEEING PETITIONER PROCEDURAL RIGHTS AT SENTENCING CREATED A LIBERTY INTEREST PROTECTED AGAINST ARBITRARY DEPRIVATION BY THE FEDERAL DUE PROCESS CLAUSE, BUT WERE NOT ADHERED TO BY THE HAWAI'I STATE COURTS.

  6. Of the grounds listed above, Grounds J, K and L are currently pending in Hawai'i Supreme Court No. 21674 (Grounds J and K), and No. 22850 (Ground L). See Petition, ¶14, page 6.

  7. When I filed the instant petition I did so with genuine concern that the one year statute of limitations under the AEDPA was nearly expired with regard to Grounds A thru I. See Petition, ¶11(c)(1), page 4. I was also concerned whether the one year statute of limitations would be tolled with regard to Grounds J, K, and L, since those claims are still pending in state court. My concern is that those claims were raised in state court as second and third post-conviction applications (HRPP Rule 40 and HRPP Rule 35). As a result, my concern is that those claims may not be considered "properly filed" by the state court which would then open the door for the Respondent to argue that, for the purpose of AEDPA, the time was not tolled while I was pursuing those claims.

  8. I am unaware of any Ninth Circuit or Supreme Court caselaw instructing whether tolling would be inappropriate _if_ the Hawai'i state courts determine that my second and third post-conviction applications were not properly filed for consideration on the merits, or for any reason are considered frivolous and without a trace of support.

- 3 -

9.  However, I am aware that the Ninth Circuit in **Nino v. Galaza**, 183 F.3d 1003 (9th Cir. 1999), holds that:

> "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'"

**Id.** 183 F.3d at 106, quoting **Barnett v. Lemaster**, 167 F.2d 1321, 1323 (10th Cir. 1999.

10. Also, The Third Circuit in **Lovasz v. Vaughn**, 134 F.3d 146 (3rd Cir. 1998), holds that, "in considering whether a petition for post-conviction relief is properly filed, district courts should not inquire into its merits." **Id.** at 149.

11. Based on the foregoing, and law in **Rose v. Lundy**, 455 U.S. 509, 510 (1982), I am requesting this Court to dismiss the instant petition without prejudice for the exhaustion of state court remedies currently pending in Hawai'i Supreme Court Nos. 21674 and 22850, with the understanding that the current state court cases serve to toll the time to file a fully exhausted petition in the federal court under the AEDPA. **See In re Turner**, 101 F.3d 1323 (9th Cir. 1996) (habeas petitions filed subsequent to dismissal of a prior petition without prejudice are not considered second or successive petitions under the AEDPA).

12. Finally, in an effort to save judicial resources, on August 3, 2000, I made an offer to the Maui Prosecutor to stipulate to dismissal without prejudice in lieu of filing a preliminary answer to the petition. A copy of my letter and proposed stipulation are attached hereto as Exhibit 1. And,

I declare under penalty of perjury that the foregoing is true.
DATED: Florence, Arizona   September ___1___, 2000.

_/s/ Gregory Barnett_
GREGORY BARNETT

- 4 -

COPY

```
               GREGORY BARNETT
               No. A4000428-FH203
                 P. O. Box 2667
             Florence, AZ  85232-2667
```

August 3, 2000

Mr. Richard T. Bissen Jr.
Maui Prosecuting Attorney
150 South High Street
Wailuku, HI  96793

    RE:  Civil No. 00-00456 DAE/FIY, <u>Barnett v. Sedillo, et al.</u>

Dear Mr. Bissen,

    As you know, the United States District Court ordered the State to file a preliminary answer to my habeas corpus petition limited to the issue of exhaustion of state remedies, by **September 5, 2000**. Because exhaustion has not been met, I would like to propose that we stipulate to dismissal without prejudice in lieu of preparing an answer.

    I have drafted a proposed dismissal for your review and approval. If you approve, will you please return the original with your signature.

    Thank you in advance for your due consideration of my proposal.

                                     Sincerely yours,

                                     GREGORY BARNETT

enclosure

EXHIBIT 1

GREGORY BARNETT
No. A4000428-FH203
P. O. Box 2667
Florence, AZ 85232-2667

Petitioner Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GREGORY BARNETT, ) | CIV. NO. 00-00456 DAE-FIY |
| Petitioner, ) | STIPULATION TO DISMISS CASE WITHOUT PREJUDICE |
| vs. ) | |
| PABLO SEDILLO, et al., ) | |
| Respondent. ) | |

STIPULATION TO DISMISS CASE WITHOUT PREJUDICE

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner Gregory Barnett, pro se, and the Respondent Pablo Sedillo, et al., represented by the Office of the Prosecuting Attorney for the County of Maui, State of Hawai'i, through Richard T. Bissen, Jr., Prosecuting Attorney, stipulate to dismiss the instant case without prejudice; including the provision that Petitioner's current state post-conviction appeals in Nos. 21674 and 22850, in the Hawai'i Supreme Court, serve to toll the time limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2244(d)(2). See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (statute of limitations under the Antiterrorism and Effective Death Penalty Act are tolled for "all of the time during which

2 of 3

a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application").

    SO STIPULATED.

    DATED: Florence, Arizona  August 3, 2000.

                                              /s/ Gregory Barnett
                                              GREGORY BARNETT
                                              Petitioner Pro Se

    DATED: Wailuku, Hawai'i  August ____, 2000.

                                              RICHARD T. BISSEN, Jr.
                                              Maui Prosecuting Attorney, counsel
                                              for Respondent Pablo Sedillo, et al.

cc: Petitioner
    Attorney General, State of Hawai'i
    Prosecuting Attorney, Maui County
    Pablo Sedillo, Warden, Florence Correctional Center

Barnett v. Sedillo, CIV. NO. 00-00456 DAE-FIY; Stipulation To Dismiss Case Without Prejudice

- 2 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| GREGORY BARNETT, | ) | CIV. NO. 00-00456 DAE-FIY |
| Petitioner, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| PABLO SEDILLO, et al., | ) | |
| Respondent. | ) | |

### CERTIFICATE OF SERVICE

I Certify that a copy of the foregoing documents were given to the prison officials with instructions for mailing first class to Mr. Richard T. Bissen Jr., Maui Prosecuting Attorney, 150 South High Street, Wailuku, HI 96793, on this day.

DATED: Florence, Arizona September 1, 2000.

_____
GREGORY BARNETT
Petitioner Pro Se

Case: 1:00-cv-00456

Gregory Barnett
Florence Correctional Center
P.O. Box 2667
Florence, AZ  85232-2667

**RECEIVED**
CLERK U.S. DISTRICT COURT
SEP 18 2000
DISTRICT OF HAWAII

September 1, 2000

------------------------------

Dear Clerk of Court,

    Enclosed for filing are one Original and two (2) copies for the judge, of my Supplement to the Petition on the Issue of Exhausttion.

✭ <u>PLEASE RETURN A PHOTOCOPY OF THE FILE STAMP.</u>

Thank you for your assistance with this matter.

                            Sincerely yours,

                            */s/ Gregory Barnett*
------------------------------ GREGORY BARNETT

enclosures (as indicated)