ORIGINAL   ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 11 2000

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

GREGORY BARNETT
No. A4000428-FA203
P. O. Box 2667
Florence, AZ  85232-2667

Petitioner Pro Se


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GREGORY BARNETT,<br><br>          Petitioner,<br><br>     vs.<br><br>PABLO SEDILLO, et al.,<br><br>          Respondent. | CIV. NO.  00-00456 DAE-FIY<br><br>OBJECTION TO MAGISTRATE'S SEPTEMBER 29, 2000, ORDER DENYING MOTION FOR CLARIFICATION ON FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND ACTION, FILED SEPTEMBER 11, 2000;  CERTIFICATE OF SERVICE |

OBJECTION TO MAGISTRATE'S SEPTEMBER 29, 2000, ORDER DENYING MOTION
FOR CLARIFICATION ON FINDINGS AND RECOMMENDATION TO DISMISS PETITION
AND ACTION, FILED SEPTEMBER 11, 2000

   COMES FORTH Petitioner Gregory Barnett pro se, pursuant to 28 U.S.C. § 636(b)(1) and LR 72.5, and objects to Magistrate's September 29, 2000, "Order Denying Motion For Clarification On Findings And Recommendation To Dismiss Petition And Action, Filed September 11, 2000," together with an objection to the underlying "Finding And Recommendation," et cetera, filed on September 11, 2000.

**Facts and Background**

   The petition for writ of habeas corpus was filed July 3, 2000, along with a motion to require respondent to provide Barnett with access to his records and files.

   On July 19, 2000, the Magistrate issued a preliminary order to show cause requiring each party to address the issue of exhaustion.

Barnett gave his "Supplement To The Petition On The Issue Of Exhaustion" to the prison officials for mailing on September 1, 2000, however, the prison delayed in mailing the document. The "Supplement" was finally filed on September 18, 2000. Here Barnett admits that he is not exhausted.

The respondent filed a preliminary answer to the petition on the issue of exhaustion, on September 6, 2000.

The Magistrate filed his Finding and Recommendation To Dismiss Petition And Action, on September 11, 2000. The Magistrate apparently did not have Barnett's Supplement at the time the F & R was filed.

After the F & R was filed, Barnett filed a Motion For Clarification, et cetera, certificate of service dated September 15, 2000.

The Magistrate denied the Motion For Clarification via Order filed September 29, 2000. Barnett objects where the Magistrate ruled that:

> "The timeliness of Petitioner's exhausted, re-filed federal habeas petition, subject to statuory and equitable tolling, will be taken into account at the time of filing by a federal court if he is denied relief in state court. [Cases cited] The issue on which Petitioner seeks clarification is not ripe for adjudication, in light of the fact that the present habeas petition is not time-barred by the Antiterrorism and Effective Death Penalty Act of 1996."

Order, September 29, 2000, at page 2.

**Argument**

The purpose of this appeal from the Magistrate's Order and prior F & R, is to obtain assurance that, after Barnett exhausts his claims in state court, he will not be time-barred if, for some reason Barnett's two unexhausted claims pending in state court do not qualify as "properly filed," under 28 U.S.C. § 2244(d)(2). In the alternative, Barnett requests that this Court follow the "withdrawal-and-abeyance" procedure accepted in Calderon v. United States Dist. Court, N.D. Cal., 144 F.3d 618, 620 (9th Cir.

- 2 -

1998).

The Magistrate left the question of being time-barred in the future to be determined at a later date, and ruled that clarification "is not ripe" because "the present habeas petition is not time-barred. . . ." Magistrate, however, misses the importance of Barnett's point.

While it is true that Barnett's current petition is not time-barred, the real problem in this case is, what will happen if the pending state court appeals do not qualify as "properly filed" under the law? Such a determination by the state court could derail Barnett's effort to seek federal habeas review when he comes back to federal court with his exhausted claims.

Put in a different way, does the current recommendation for dismissal <u>without prejudice</u> suffice to allow Barnett to come back to federal court within one year of the state court's ruling---even if the state court appeals are dismissed as procedurally improper?

These are important questions of law which need clarification today. The need for clarification is ripe.

**Conclusion**

Based on the foregoing arguments and authorities, and the record, Barnett requests that the Order and F & R be modified to clarify whether the current dismissal without prejudice will toll the time to file a fully exhausted petition in federal court within one year of the dismissal of the two current state court appeals, regardless of how the state court rules.

DATED:  Florence, Arizona    October 4, 2000.

_____
GREGORY BARNETT
Petitioner Pro Se

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Objection, et cetera, was given to the prison officials for mailing first class, postage prepaid, to Mr. Benjamin M. Acob, First Prosecuting Attorney, 150 South High Street, Wailuku, HI 96793, on this day.

DATED: Florence, Arizona October 4, 2000.

_____
GREGORY BARNETT