ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREGORY BARNETT, ) | CV. NO. 00-00456 DAE-FIY |
| Petitioner, ) | |
| vs. ) | |
| PABLO SEDILLO, WARDEN AND ) CONTRACT AGENT FOR TED SAKAI, ) DIRECTOR OF PUBLIC SAFETY, ) STATE OF HAWAII, ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII NOV 0 2 2000 at __ o'clock and __min __M. WALTER A.Y.H. CHINN, CLERK |
| Respondents. ) | |

ORDER AFFIRMING MAGISTRATE JUDGE YAMASHITA'S ORDER DENYING
MOTION FOR CLARIFICATION ON FINDINGS AND RECOMMENDATION
TO DISMISS PETITION AND ACTION, FILED SEPTEMBER 11, 2000

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's papers and the Magistrate's order, this court AFFIRMS Magistrate Judge Yamashita's Order Denying Motion for Clarification on Findings and Recommendation to Dismiss Petition and Action and DENIES Petitioner's Objections.

BACKGROUND

Petitioner Gregory Barnett, proceeding pro se, brought a petition for habeas corpus under 28 U.S.C. § 2254 on July 3, 2000. On September 11, 2000, Magistrate Judge Yamashita issued a Findings and Recommendation to Dismiss Petition and Action based on Petitioner's failure to exhaust his state court remedies.

Presently, Petitioner has several post-conviction proceedings pending in Hawaii state court.[1] The dismissal was without prejudice.

Petitioner did not challenge the magistrate's findings on exhaustion, but instead moved for "clarification" of the magistrate's findings and recommendations. Specifically, Petitioner sought assurance from the magistrate that the pending state court cases would serve to toll the time limit for filing a federal habeas claim established under the Antiterrorism and Effective Death Penalty Act of 1996 (codified at 28 U.S.C. § 2244(d)).[2]

Magistrate Judge Yamashita denied the Motion for Clarification, finding that "the timeliness of Petitioner's exhausted, re-filed federal habeas petition, subject to statutory and equitable tolling, will be taken into account at the time of filing by a federal court if he is denied relief in state court." The magistrate concluded that the issue of whether the

---

[1] Petitioner raised four grounds for relief in his habeas petition, two of which are still pending in Hawaii state court. For further discussion of Petitioner's pending state court proceedings, see Magistrate Judge Yamashita's September 11, 2000, "Findings and Recommendation to Dismiss Petition and Action."

[2] The statute provides for a limitations period of one year for prisoners in state custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). It further provides that the limitations period will be tolled while a prisoner's "properly filed" state post-conviction proceedings are pending. See 28 U.S.C. § 2244(d)2). See also Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999) (applying the statute).

2

limitations period would be tolled was not yet ripe for adjudication.

## STANDARD OF REVIEW

A district court may only set aside a magistrate judge's order on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(A); Local Rule 74.1. Thus, the district judge must affirm the magistrate judge unless "it is left with the definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgment for that of the deciding court. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

If a party objects to a magistrate's Findings and Recommendations, the district court must make a de novo determination of those portions of the magistrate judge's report to which objection is made and may accept, reject or modify, in whole or in part, the findings and recommendations. Id. De novo review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).

In the present case, Petitioner is objecting to an Order Denying a Motion for Clarification; he is not objecting to the Findings and Recommendations themselves.[3] Accordingly, this court applies the highly deferential "clear error" or "contrary to law" standard of review.

## DISCUSSION

In his appeal from the magistrate's Order, Petitioner seeks to obtain assurance from this court that he will not be time-barred from bringing a federal habeas petition in the event his pending state court claims do not qualify as "properly filed" under 28 U.S.C. § 2244(d)(2). That statute provides that the limitations period will be tolled during the pendency of "properly filed" state post-conviction claims.

The doctrine of ripeness prevents Federal Courts from answering questions of law that are not squarely before them. <u>Assiniboine and Sious Tribes v. Board of Oil and Gas Conservation of the State of Montana</u>, 792 F.2d 782, 787 (9th Cir. 1986). Courts will not entertain claims that involve "contingent future events that may not occur as anticipated or may not occur at

---

[3] In the text of his motion, Petitioner claims also to object to the Findings and Recommendations. The caption, however, addresses only the Order Denying Clarification and the argument put forward by the Petitioner deals only with that issue. Indeed, Petitioner has admitted in motion papers that his state court remedies have not been exhausted. This court, therefore, treats the motion as an objection to the denial of clarification.

4

all." <u>Thomas v. Union Carbide Agric. Prods. Co.</u>, 473 U.S. 568, 581 (1985); <u>18 Unnamed "John Smith" Prisoners v. Meese</u>, 871 F.2d 881 (9th Cir. 1989); see also <u>Thomas v. Anchorage Equal Rights Comm'n</u>, 220 F.3d 1134 (9th Cir. 2000) (holding that a federal court may not declare rights in hypothetical cases).

In this case, there has been no determination of whether Petitioner's state claims were "properly filed." Furthermore, as Magistrate Judge Yamashita noted, the present habeas petition is not time-barred, and it is too early to tell whether any subsequent petition would be time-barred, even if Petitioner's state claims were not properly filed. Without these concrete facts before it, any decision by this court would be hypothetical. Thus, while the court is sympathetic to Petitioner's desire to know "what would happen if. . .," the court is not in a position to decide such matters. Therefore, the court concludes the matter is not ripe for adjudication.

In the absence of assurances, Petitioner alternatively asks that the court follow the "withdrawal and abeyance procedure" as outlined in <u>Calderon v. United States Dist. Court, N.D. Cal. (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998) and <u>Calderon v. United States Dist. Court, N.D. Cal. (Taylor)</u>, 134 F.3d 981 (9th Cir. 1998). In those cases, the Ninth Circuit approved of a district court's order permitting a habeas petitioner to amend his petition to withdraw unexhausted claims

5

while the court held the exhausted claims in abeyance. See Taylor, 134 F.3d at 986. Indeed, a habeas petitioner may amend his petition once as of right. See Fed. R. Civ. P. 15(a); Thomas, 144 F.3d at 620. Further, the Ninth Circuit opined that a petitioner might be allowed to amend his complaint a second time to include the unexhausted claims once they were exhausted. Id.[4] The legitimacy of allowing a second amendment has not been tested, however, as that issue has not been put squarely before the Ninth Circuit. See Thomas, 144 F.3d at 621; Taylor 134 F.3d at 988-89.

This court declines to rule on "withdrawal and abeyance" because Petitioner has not sought to amend his petition to delete the unexhausted claims, and because the Magistrate has not addressed this issue. Under Federal Rule of Civil Procedure 15(a), Petitioner may amend his petition once as of right – in this case to delete the unexhausted claims – but there is no guarantee that he would be able to amend again to include the unexhausted claims once they are exhausted in state court.

---

[4]This procedure is an apparent end-run around the Supreme Court's holding in Rose v. Lundy which directed district courts to dismiss "mixed" habeas petitions that contained both exhausted and unexhausted claims. 455 U.S. 509 (1982). The petitioner was still free, however, to amend the habeas petition to include only the exhausted claims. Id. at 520.

6

CONCLUSION

For the reasons stated above, the court AFFIRMS Magistrate Judge Yamashita's Order Denying Motion for Clarification on Findings and Recommendation to Dismiss Petition and Action and DENIES Petitioner's Objections.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, NOV 2 2000.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Gregory Barnett vs. Pablo Sedillo, et al., Civil No. 00-00456 DAE-FIY; ORDER AFFIRMING MAGISTRATE JUDGE YAMASHITA'S ORDER DENYING MOTION FOR CLARIFICATION ON FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND ACTION, FILED SEPTEMBER 11, 2000