IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY BARNETT, | ) | CIV. NO. 00-00456 DAE |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING CERTIFICATE |
| vs. | ) | OF APPEALABILITY |
| | ) | |
| PABLO SEDILLO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| | ) | |

**<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

On July 3, 2000, pro se Petitioner Gregory Barnett filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("Petition"). On November 2, 2000, this Court affirmed former Magistrate Judge Francis I. Yamashita's Findings and Recommendation to Dismiss Petition and Action on the grounds that Petitioner failed to exhaust his state court remedies. (Doc. No. 18.) Specifically, at the time of filing, Petitioner had several post-conviction proceedings pending in Hawaii state court. On November 14, 2000, Petitioner filed a Notice of Appeal. (Doc. No. 20).

For reasons unknown to this Court, Petitioner's Notice of Appeal was inadvertently misplaced in the Office of the Clerk between November 14, 2000 and

the present.  Having now surfaced, this Court DENIES Petitioner's request for a certificate of appealability.

A petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(B).  The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), the Supreme Court set forth two standards for evaluating a COA request.  When a petition is denied on the merits of the claim, the petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further."  *Id.* at 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

When a petition is denied on procedural grounds without reaching the merits of the claim, a COA shall issue if the petitioner makes two showings.  *See* 529 U.S. at 484-85.  First, the petitioner must show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right."  *Id.* at 484.  Second, a petitioner must show that reasonable jurists would find it "debatable whether the district court was correct in its

procedural ruling." *Id.* Both showings are required before a COA will be issued. *See Lambright v. Stewart*, 220 F.3d 1022, 1026-27 (9th Cir. 2000).

The court dismissed Petitioner's claims on procedural grounds as unexhausted. It is clear from the record that while pursuing his habeas action in federal court, Petitioner had several post-conviction proceedings pending in Hawaii state court. Reasonable jurists would neither find that Petitioner states a valid claim of the denial of a constitutional right, nor that this court's procedural ruling was debatable. Accordingly, the request for a COA is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2007.



_____
David Alan Ezra
United States District Judge

*Barnett v. Sedillo, et al.*, Civ. No. 00-456 DAE-FIY; ORDER DENYING CERTIFICATE OF APPEALABILITY; hmg\COA\Barnett 00-456 DAE