ORIGINAL

CC:DAE

GREGORY BARNETT
No. A4000428-JE
1750 E. Arica Rd.
Eloy, AZ  85231-1215

Petitioner Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 03 2007

at 11 o'clock and 50 min A M.
SUE BEITIA, CLERK

IN :THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Gregory Barnett,<br><br>    Petitioner,<br><br>vs.<br><br>Pablo Sedillo or Frank Luna,<br>et al.,<br><br>    Respondents. | CV. NO.  00-456 DAE-FIY<br><br>MOTION FOR RELIEF FROM<br>JUDGMENT PURSUANT TO FRCP<br>RULE 60(b)(6) AND MOTION FOR<br>LEAVE TO FILE AN AMENDED<br>PETITION;  EXHIBITS 1 & 2;<br>CERTIFICATE OF SERVICE |

MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO PRCP
RULE 60(b)(6) AND MOTION FOR LEAVE TO FILE AN
AMENDED PETITION

Petition Gregory Barnett pro se, requests relief from judgment pursuant to FRCP Rule 60(b)(6). Gonzalez v. Crosby, 162 LEd2d 480 (2005). Barnett further requests leave of Court to file and amended petition. FRCP Rule 15.

FACTS:

1.  Barnett filed a petition for writ of habeas corpus on July 3, 2000 (Docket #1).

2.  Findings and Recommandantion to dismiss without prejudice was filed September 11, 2000 (Docket #13).

3. Barnett filed a motion for clarification on the F & R regarding statutory tolling and the provision "properly filed," on September 18, 2000. (Docket #16).

4. Motion for clarification was denied on September 29, 2000. (Docket # 16).

5. Barnett filed Objections to the F & R on October 11, 2000 (Docket #17). Here Barnett did not dispute the dismissal without prejudice. Instead he objected to the absence of clarification on the issue of what is or is not "properly filed" in relation to his state cases. Barnett's concern was the statutory tolling provisions under the law. In the alternative of clarification Barnett asked the Court to follow the "withdrawal and abeyance procedure" outlined int the Ninth Circuit. (Id. Docket #17).

6. Order affirming F & R and denial of motion for clarification was entered on November 2, 2000. The Court found, inter alia, that Barnett's current petition "is not time-barred." (Docket #18).

7. Judgment was entered November 3, 2000. (Docket #19).

8. Four days later, the U.S. Supreme Court, for the first time clarified the law as to "properly filed" under 28 U.S.C. §2244(d)(2). Artuz v. Bennet, 531 U.S. 4 (Nov. 7, 2000).

9. Notice of appeal was filed November 14, 2000. (Docket #20).

10. Barnett updated the court of his change of addresses on September 16, 2005. (Docket #22; see also, entry on 05/14/04).

11. Barnett requested docket sheets on or about August 16,

2006, as a means to check any entries regarding his notice of appeal and a pending motion for substitution of parties. (Docket # 23).

12. Barnett dated and mailed an "Amended Petition" specifying "CV 00-00456 DAE-FIY" to the Court with a cover letter on or about September 19, 2007; however, the Amended Petition was **not** filed in CV. 00-00456. Instead the Amended Petition was given a new civil number : CV 07-00491 SOM-BMK. (Docket #24). A copy of the first page of Barnett's Amended Petition for CV. 00-00456 is attached as Exhibit 1.

13. Barnett, in a letter dated October 2, 2007, asked the clerk to correct the alleged error of not filing his Amended Petition in CV. 00-00456. (Docket #24).

14. The pro se staff attorney wrote to Barnett on October 15, 2007, stating *inter alia*, that CV. 00-00456 "did not remain active . . . to file and amended petition." A copy of this letter from the PSA is attached as Exhibit 2.

15. Barnett filed an ex parte motion to transfer case to Civil No. 00-00456 DAE-FIY on October 23, 2007, in the new case, CV. 07-00491 SOM-BMK. (Please take judicial notice of the files in CV. 07-00491 SOM-BMK).

16. On October 30, 2007, the Court in CV. 07-00491 SOM-BMK denied Barnett's exparte motion to transfer case to CV. 00-00456. (Please see files in CV. 07-00491).

17. One day earlier on October 29, 2007, and nearly **seven years after** the notice of appeal in CV. 00-00456, the Court entered

its Order deny certificate of appealability acknowledging the the oddity of misplacing the Notice of Appeal for such a long time. (Docket #25).

18. Barnett now requests relief from judgment to allow him leave to have an amended petition with all exhausted claims filed in CV. 00-00456 DAE.

DISC:USSION

DISCUSCUSSION

<u>DISCUSSION</u>

In the current motion Barnett is not asserting or reasserting claims of error in the state court. The relief requested is a matter of judicial economy and fairness. Relief from judgment is a means to keep the record of Barnett's journey in federal and state courts accirate and fair, and to proceed with an amended petition not time-barred under the law.

It is not Barnett's fault that the notice of appeal was lost in the Clerk's office for nearly seven years. This case has not been "inactive" as asserted ;by the PSA. To the contrary, when Barnett mailed his Amended Petition specifying CV.00-00456 (ultimately filed 09/26/07 in the other case), the instant case was still waiting for a decision regarding certificate of appealability (COA). Thus, there **was** a pending petition to relate back to or amend. Cf. Henry v. Lungren, 164 F.3d 1240, 1241 (CA9 1999) (finding no pending petition to relate back to or amend).

Moreover, the November 3, 2000 Judgment in the instant case (Docket #19) was not technically a "final order" under 28 U.S.C. §2253. It did not "end[] the litigation and leave[] nothing more

- 4 -

for the court to do." See Farmer v. McDaniel, 98 F.3d 1548, 1552 (CA9 1996) (citations omitted). A decision was yet to come on the COA.

With the Notice of Appeal and a motion for substitution of parties pending for so many years, it is fair to relieve Barnett from judgment and grant him leave to file an amended petition in the instant case. Barnett legitimately believed, and it is true that CV. 00-00456 was still alive after all these years. Hence, he attempted to file his Amended Petition with Civil No. 00-00456 clearly stated on the standard habeas form. (See Exhibit 1).

What exists now is a mess. An appeal is pending---which is not necessary if relief is granted. Another habeas case was started---not by Barnett's design, but by the Court who did not know of the pending decision on the COA in CV. 00-00456.

## CONCLUSION

Essentially Barnett made it to federal court on time seven years ago and grabbed the ring. The case has been pending nearly ever since. The Court just recently moved the case forward by deciding the COA. Fairness and equity should dictate that, since Barnett is fully exhausted and because he attempted to file his Amended Petition **before** the decision the COA, relief from judgment is justified in order to have his now exhausted claims heard and filed in CV. 00-00456.

DATED: Eloy, Arizona November 27, 2007.

_____
GREGORY BARNETT
Petitioner Pro Se