IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY BARNETT, | ) | CIV. NO. 00-00456 DAE |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER REGARDING MOTION |
| vs. | ) | FOR RELIEF FROM JUDGMENT |
| | ) | |
| PABLO SEDILLO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| | ) | |

## ORDER REGARDING MOTION FOR RELIEF FROM JUDGMENT

On July 3, 2000, pro se Petitioner Gregory Barnett filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("Petition"). On November 2, 2000, this Court affirmed former Magistrate Judge Francis I. Yamashita's Findings and Recommendation to Dismiss Petition and Action on the grounds that Petitioner failed to exhaust his state court remedies. (Doc. No. 18.) Specifically, at the time of filing, Petitioner had several post-conviction proceedings pending in Hawaii state court. The court entered Final Judgment on November 3, 2000. (Doc. No. 19.)

On November 14, 2000, Petitioner filed a Notice of Appeal. (Doc. No. 20.) On October 29, 2007, this Court issued an Order denying Certificate of

Appealability and transmitted Petitioner's Notice of Appeal to the Ninth Circuit Court of Appeals. (Doc. Nos. 25 & 26.)

Before the court is Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure Rule ("Fed. R. Civ. P.") 60(b)(6) ("Motion"). (Doc. No. 29). Petitioner's Motion is void for lack of jurisdiction. "The filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986). "Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment." *Id.*; *see also Bruce v. United States*, 759 F.2d 755, 757 (9th Cir. 1985). As Petitioner filed a Notice of Appeal of Final Judgment entered on November 3, 2000, this Court lacks jurisdiction to entertain Petitioner's Motion. Accordingly, Petitioner's Motion is VOID for lack of jurisdiction.

In addition, under Fed. R. Civ. P. 60(b), "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, order, or proceeding was entered or taken." Petitioner seeks relief from judgment entered over seven years ago. Thus, the instant Motion is untimely. Even if Petitioner's Motion is not made under reasons (1), (2), or (3),

such as to require that it be filed within one year from entry of final judgment, seven years is not "reasonable" within the meaning of 60(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 10, 2007.



_____
David Alan Ezra
United States District Judge

*Barnett v. Sedillo, et al.*, Civ. No. 00-456 DAE; ORDER REGARDING MOTION FOR RELIEF FROM JUDGMENT; hmg\Non dispositive 07\Barnett 00-456 DAE (ord dny mot rel jud)